**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

IN RE:

MICHAEL VAN BIBLE,                    CASE NO. 09-06721 EAG

        DEBTOR.                    CHAPTER 7

_____

TENNIER INDUSTRIES, INC.,

        PLAINTIFF,                    ADV. PROCEEDING NO. 10-00018

    v.

MICHAEL VAN BIBLE,

        DEFENDANT.                    FILED & ENTERED ON 01/13/2014

_____

**OPINION AND ORDER**

Pending before the court is a motion for summary judgment brought by Tennier Industries, Inc. on its complaint to except from discharge its claim against Michael Van Bible. [Adv. Dkt. No. 68.] For the reasons stated herein, Tennier's motion for summary judgment is hereby granted and its claim against Van Bible is excepted from discharge under sections 523(a)(2)(A), 523(a)(4), and 523(a)(6) of the Bankruptcy Code.[1]

---

[1]/Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., as amended. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure. All references to "Local Bankruptcy Rule" are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico. And all references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

## I. JURISDICTION

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a), Local Civil Rule 83K(a), and the General Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico, dated July 19, 1984 (Torruella, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II. PROCEDURAL BACKGROUND

Van Bible filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on August 17, 2009, which was docketed as case number 09-06721. [Bankr. Dkt. No. 1.]  In schedule F, Van Bible included Tennier as a creditor with a disputed claim, in the amount of $2.5 million, based on a lawsuit filed by Tennier against Van Bible in the Circuit Court of Scott County, Tennessee. [Bankr. Dkt. No. 1.]

Tennier commenced, on February 12, 2010, the adversary proceeding of caption to except its claim from discharge under sections 523(a)(2)(A), 523(a)(4), and 523(a)(6). [Bankr. Dkt. No. 28; Adv. Dkt. No. 1.]  The complaint alleges that Van Bible defrauded and stole from Tennier while acting in a fiduciary capacity.  [Adv. Dkt. No. 1.]

On March 12, 2010, Tennier filed a motion to modify the automatic stay to continue with its lawsuit in Tennessee against Van Bible.  [Bankr. Dkt. No. 29.]  The court, on December 14, 2010, modified the stay to allow Tennier to continue with the Tennessee litigation until the entry of judgment against Van Bible.  [Bankr. Dkt. No. 77.]

On April 29, 2010–after the expiration of the claims bar date–Tennier filed its proof of claim against Van Bible.  [Claims Register No. 7-1.]  Van Bible objected to the late claim. [Bankr. Dkt. No. 113.]  Tennier replied.  [Bankr. Dkt. No. 119.]  On June 5, 2012, the court

denied the objection and allowed the claim, but subject to Tennier prevailing in the Tennessee litigation and, in that event, subordinated to timely-filed claims of the same priority. [Bankr. Dkt. No. 130.]

Because the factual allegations underlying Tennier's complaints in this court and the Tennessee court were substantially identical, this court entered an opinion and order on August 3, 2012, holding in abeyance this adversary proceeding until a final and unappealable judgment was entered by the Tennessee court. [Adv. Dkt. No. 55.] The court also ordered Tennier to report every ninety days on the status of the Tennessee litigation. [Adv. Dkt. No. 55.] Tennier filed status reports on December 21, 2012, April 9, 2013, and July 20, 2013. [Adv. Dkt. Nos. 59, 62 & 65.] The Tennessee Circuit Court entered judgment in favor of Tennier on July 23, 2013. [Ex. A, Adv. Dkt. No. 68.]

On August 26, 2013, Tennier moved for summary judgment against Van Bible. [Adv. Dkt. No. 68.] Van Bible did not oppose the motion for summary judgment.[2]

### III.  LOCAL ANTI-FERRETING RULE

The local anti-ferreting rules "aid the court in identifying genuine issues of material fact which will necessitate denial of summary judgment . . . ." Rosa Morales v. Santiago Diaz, 338 F. Supp.2d 283, 294 n.2 (D.P.R. 2004) (citing L.Civ.R. 56(c) and Corrada Betances v. Sea-Land Serv. Inc., 248 F.3d 40, 43-44 (1st Cir. 2001)). Local Civil Rule 56(b) requires a party moving

---

[2] Under Local Bankruptcy Rule 9013-1(c)(1), Van Bible had until September 12, 2013, to oppose Tennier's motion for summary judgment. Although that deadline had already expired, the court on October 1, 2013, motu proprio, ordered Van Bible to state his position on the motion for summary judgment by October 15, 2013. [Adv. Dkt. No. 69.] On November 4, 2013, Van Bible requested a fourteen-day term to oppose Tennier's motion for summary judgment. [Adv. Dkt. No. 72.] Tennier opposed the request. [Adv. Dkt. No. 73.] The court denied Van Bible's request for the reasons stated in Tennier's opposition. [Adv. Dkt. No. 74.]

for summary judgment to file, annexed to its motion, "a separate, short and concise statement of the material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried . . . supported by a record citation . . . ." L.Civ.R. 56(b). Local Civil Rule 56(c) then requires the nonmoving party to submit with its opposition a "separate, short, and concise statement of material facts," admitting, denying or qualifying the facts by reference to each numbered paragraph with references to the record. L.Civ.R. 56(c). Local Civil Rule 56(e) provides that "[f]acts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." The anti-ferreting provisions of Local Civil Rule 56 also provide that the court has "no duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts." L.Civ.R. 56(e).

The court deems that Tennier complied with Local Civil Rule 56(b) by including in its motion for summary judgment a separate section, entitled "Background," which contains Tennier's uncontested material facts in individually numbered paragraphs and is supported by record citations and a certified copy of the judgment of the Tennessee court. Van Bible, however, ran afoul of Local Civil Rule 56(c) by failing to oppose Tennier's uncontested material facts. Therefore, as provided by Local Civil Rule 56(e), all properly supported facts set forth by Tennier are deemed admitted. See Cosme-Rosado v. Serrano-Rodriguez, 360 F.3d 42, 45-46 (1st Cir. 2004) ("We have consistently upheld the enforcement of this rule, noting repeatedly that 'parties ignore [it] at their peril' and that 'failure to present a statement of disputed facts, embroidered with specific citations to the record, justifies the court's deeming the facts

4

presented in the movant's statement of undisputed facts admitted.'") (quoting <u>Ruiz Rivera v. Riley</u>, 209 F.3d 24, 28 (1st Cir. 2000) (citing prior cases)).

### IV.  UNCONTESTED FACTS

The following facts are uncontested pursuant to Rule 56 and Local Civil Rule 56, made applicable to these proceedings by Bankruptcy Rules 9014(c) and 7056 and Local Bankruptcy Rules 1001-1(b) and (d):

On July 23, 2013, the Circuit Court of Scott County, Tennessee granted Tennier's motion for summary judgment in its Tennessee lawsuit against Van Bible and entered final judgment as follows:

> This matter came on to be heard on the 23rd of July, 2013 with respect to Plaintiff's Motion for Summary Judgment. Upon consideration of the Motion, the accompanying Statement of Undisputed Material Facts and Memorandum of Law, the supporting affidavit and appearance and argument of counsel for Plaintiff, this Court finds as follows:
>
> > Mike Bible with wrongful and malicious intent, while acting in a fiduciary capacity, without disclosure to Plaintiff, constituting actual fraud, and without reimbursement to Plaintiff, used Plaintiff's employees, and stole and converted Plaintiff's equipment and resources for his own personal gain and for the benefit of the remaining Defendants.
> >
> > Mike Bible admitted the wrongful taking and has voluntarily reimbursed Plaintiff for only a small portion of the damages sustained by it.
>
> It is therefore ordered that judgment be entered in favor of Plaintiff and against Defendants as follows:
>
> 1.  Plaintiff is awarded judgment for compensatory damages in the amount of $1,431.881.80.
>
> 2.  Plaintiff is awarded prejudgment interest in the amount of $878,740.70.

3. The total amount of damages awarded to Plaintiff is $2,310,629.50.

4. The costs of this cause and Plaintiff's discretionary costs shall be paid by Defendants.

It is further ORDERED that Defendants' Counter Complaint be and hereby is dismissed with prejudice.

[Ex. A, Adv. Dkt. No. 68-1; Adv. Dkt. No. 68 at ¶ 8.]

As Van Bible did not appeal the Tennessee judgment, it became unappealable on August 22, 2013 . See Tenn. R. App. P. 4(a) (allowing thirty days for the filing of a notice of appeal). [Adv. Dkt. 68 at ¶ 10.]

## V. SUMMARY JUDGMENT STANDARD

The standard for summary judgment is well-known. Pursuant to Rule 56, made applicable to these proceedings by Bankruptcy Rules 7056 and 9014(c), summary judgment is available "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010).  The moving party bears the burden of showing that "no genuine issue exists as to any material fact" and that he is "entitled to judgment as a matter of law."  Vega-Rodríguez v. P.R. Tel. Co., 110 F. 3d 174, 178 (1st Cir. 1997).

Once a properly supported motion has been presented before the court, the opposing party "can shut down the machinery only by showing that a trial-worthy issue exists" that would warrant the court's denial of the motion for summary judgment. McCarthy v. Northwest

6

Airlines, 56 F.3d 313, 315 (1st Cir. 1995).  For issues where the opposing party bears the ultimate burden of proof, that party cannot merely "rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute."  Id.  However, not every factual dispute is sufficient to frustrate summary judgment; the contested fact must be material and the dispute over it must be genuine.  Id.  An issue is "genuine" if it could be resolved in favor of either party.  A fact is "material" if it is potentially outcome-determinative.  See Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004).

In assessing a motion for summary judgment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor."  Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990) (citations omitted).  The court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation."  Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990) (citations omitted).  However, there is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood (no matter how reasonable those ideas may be) . . . ."  Greenburg v. P.R. Mar. Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987); see also Mulero-Rodríguez v. Ponte, Inc., 98 F.3d 670, 677 (1st Cir. 1996) (reversing summary judgment and emphasizing that "determinations of motive and intent . . . are questions better suited for the jury.") (quoting Petitti v. New England Tel. & Tel. Co., 909 F.2d 28, 34 (1st Cir. 1990)).

## VI. APPLICABLE LAW AND DISCUSSION

Under the full faith and credit statute, a state-court judgment has the same preclusive effect in bankruptcy court as in that state's court. 28 U.S.C. § 1738; see also 18B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4470.3 (2nd ed. 2002). In Tennessee courts, issue preclusion or "[c]ollateral estoppel prevents identical parties from relitigating in a different action issues determined in a previous suit." Richardson v. Tennessee Bd. of Dentistry, 913 S.W.2d 446, 459 n.11 (Tenn. 1995) (citing Massengill v. Scott, 738 S.W.2d 629, 631 (Tenn. 1987); see also Mullins v. State, 294 S.W.3d 534 (Tenn. 2009).

Collateral estoppel applies in bankruptcy dischargeability proceedings. See, Grogan v. Garner, 498 U.S. 279, 284 n. 11 (1991)(holding that collateral estoppel principles apply in proceedings under § 523(a) to except debt from discharge). For instance, in Piccicuto v. Dwyer, 39 F.3d 37, 39 (1st Cir. 1994), a creditor filed an adversary complaint to except from discharge under section 523(a)(6) a claim based on a Massachusetts-court, money judgement against a debtor "for, *inter alia*, intentional interference with an advantageous business relationship and unfair trade practices in a commercial context." The bankruptcy court in Piccicuto denied the creditor's motion for summary judgment based on claim preclusion and entered instead summary judgment in favor of the debtor. The district court affirmed. The court of appeals reversed and entered summary judgment in favor of the creditor, holding that the Massachusetts "court's unambiguous and factually supported findings must be given effect in this action." Piccicuto, 39 F.3d at 42.

8

The case of In re Brier, 274 B.R. 37 (Bankr. D.Mass. 2002) dealt with facts similar to Tennier's adversary complaint. In Brier, the bankruptcy court gave preclusive effect to issues previously determined by a Rhode Island court against a debtor and entered summary judgment in favor of a creditor under section 523(a)(6) to except its claim from discharge. Like Tennier's Tennessee complaint, the Rhode Island complaint in Brier alleged misappropriation of trade secrets, tortious interference with contractual relations, interference with prospective business advantage, and breach of professional duty. Brier, 274 B.R. at 39. The Brier court noted that "[n]umerous courts have concluded that a determination of willful and malicious conduct for purposes of awarding exemplary damages under the Uniform Trade Secrets Act collaterally estops a debtor from relitigating the same issue under § 523(a)(6)." Brier, 274 B.R. at 45 (citing Dent Wizard Int'l Corp. v. Brown (In re Brown), 237 B.R. 740 (Bankr. C.D.Cal. 1999) and later discussing Spring Works, Inc. v. Sarff (In re Sarff), 242 B.R. 620 (6th Cir. BAP 2000)).

Tennier is plaintiff and Van Bible defendant in both the Tennessee lawsuit and this adversary proceeding. The issues litigated in the Tennessee lawsuit are substantially identical to those raised in this adversary proceeding. And the Tennessee judgment is final and unappealable. Collateral estoppel now prevents Van Bible from relitigating the issues decided against him by the Tennessee court.

The Tennessee court found that Van Bible by "actual fraud, and without reimbursement to Plaintiff, used Plaintiff's employees and stole and converted Plaintiff's equipment and resources for his own personal gain . . . ." It then awarded Tennier monetary damages for Van Bible's fraudulent actions. Section 523(a)(2)(A) excepts from discharge "any debt . . . for

9

money, property, [or] services . . . to the extent obtained by . . . false pretenses, a false representation, or actual fraud . . . ." 11 U.S.C. § 523(a)(2)(A). The Tennessee judgment is, thus, excepted from discharge under section 523(a)(2)(A).

Section 523(a)(4) excepts from discharge "any debt . . . for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4). The Tennessee court found that Van Bible's fraudulent actions were carried out while he was acting in a "fiduciary capacity" to Tennier and that he "stole and converted Plaintiff's equipment and resources for his own personal gain . . . ." Therefore, the Tennessee judgment is also excepted from discharge under section 523(a)(4).

Finally, the Tennessee court found that Van Bible, acting "wrongfully and [with] malicious intent, . . . stole and converted Plaintiff's equipment and resources for his own personal gain . . . ." Section 523(a)(6) excepts from discharge "any debt . . . for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6); see also 4 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy ¶ 523.12 (16th ed. 2013) ("[A] wrongful act done intentionally, which necessarily produces harm or which has a substantial certainty of causing harm and is without just cause or excuse, may be a willful and malicious injury."); *accord* Printy v. Dean Witter Reynolds, Inc., 110 F.3d 853, 859 (1st Cir. 1997). Thus, the Tennessee judgment is also excepted from discharge under section 523(a)(6).

10

**VII. CONCLUSION.**

For the above reasons, the court grants Tennier's motion for summary judgment. The judgment in the amount of $2,310,629.50 entered by the Circuit Court of Scott County, Tennessee on July 23, 2013, in favor of Tennier Industries, Inc. and against Michael Van Bible is excepted from discharge pursuant to sections 523(a)(2)(A), 523(a)(4), and 523(a)(6) of the Bankruptcy Code.

In Ponce, Puerto Rico, this 13th day of January 2014.

Edward A. Godoy
U.S. Bankruptcy Judge